UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

**MICHAEL HALL**,

                Plaintiff,

          -against-

**THE NEW YORK CITY DEPARTMENT OF CORRECTION**,

                Defendant.
------------------------------------------------------------x

**MEMORANDUAM AND ORDER**
22-CV-5738 (AMD) (MMH)

**ANN M. DONNELLY,** United States District Judge:

The plaintiff Michael Hall brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York City Department of Correction ("DOC"). The plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, and the plaintiff is granted 30 days from the date of this Order to file an amended complaint.

## BACKGROUND

The plaintiff alleges that he was detained on Rikers Island in September 2021. On September 23, 2021, he was relocated to the Vernon C. Bain Correctional Center ("VCBC"), also known as "The Boat." (ECF No. 1 at 6.) The plaintiff alleges that he informed unnamed corrections officers that he wanted to be placed in a different facility. (*Id.*) However, when corrections officers tried to place the plaintiff in various housing areas, the plaintiff refused "because of personal safety reasons." (*Id.*) The plaintiff states that prison employees ultimately bound his wrists behind his back with zip ties, and forced him into a housing area in which he felt unsafe. (*Id.*) The plaintiff alleges that "seconds later," a DOC officer opened the plaintiff's

1

cell, and the plaintiff "was there attacked." (*Id*.) The plaintiff also asserts he was denied proper medical care after the attack—that while in medical "Intake" he was denied a shower for three days despite having a bloodied nose—and that his personal property, including legal documents, were lost after prison personnel searched his cell. (*Id*.) The plaintiff seeks money damages and injunctive relief. (*Id*. at 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). This is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

## DISCUSSION

Because the plaintiff names only the DOC in his complaint, his claims must be dismissed. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The DOC, as an agency of the City of New York, is not a suable entity. *See Jakupaj v.*

2

*People of USA*, No. 21-CV-4136, 2022 WL 580957, at *2 (E.D.N.Y. Feb. 25, 2022) (DOC is not a suable entity); *Gregory v. City of New York*, No. 18-CV-320, 2018 WL 3079695, at *1–2 (E.D.N.Y. June 21, 2018) (same); *Glover v. New York City Dept. of Correction*, No. 15-CV-1723, 2015 WL 3466990, at *2 (E.D.N.Y. June 1, 2015) (DOC and other City agencies lack "independent legal existence" and are not suable entities). Therefore, the plaintiff's claims against the DOC are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Nor can the plaintiff save his complaint by substituting the City as a defendant, because his complaint does not allege an unconstitutional policy or custom attributable to the City. "A plaintiff wishing to hold a government entity liable under § 1983 must allege a 'policy' or 'custom' of the entity that caused the injury." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 288 (S.D.N.Y. 2019) (quoting *Monell v. New York City. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978))).[1] "Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." *Halperin v. New York City Dep't of Correction*, No. 19-CV-6266, 2019 WL 6328775, at *2 (E.D.N.Y. Nov. 26, 2019) (dismissing § 1983 claim against DOC and declining to substitute the City of New York as a defendant where the plaintiff did not allege any unconstitutional policy or custom attributable to the City of New York). Even if the plaintiff had alleged a denial of a

---

[1] "A plaintiff may satisfy the policy or custom prong in one of four ways: by alleging the existence of 1) a formal policy, 2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights, 3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers, or 4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact." *Gonzalez*, 377 F. Supp. 3d at 288 (internal citations omitted).

3

constitutional right, an issue the Court declines to reach here, he has not alleged the existence of any custom, policy or practice that caused his injury so as to trigger municipal liability.

Thus, the City of New York will not be substituted as a defendant.

## CONCLUSION

For these reasons, the plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints, the plaintiff is granted 30 days from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

The plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. If the plaintiff decides to file an amended complaint, he must allege facts that support the elements of the claim and identify as defendants the individuals who personally violated his constitutional rights at VCBC. If the plaintiff does not know the names of the individuals, he may identify each individual as John or Jane Doe, along with descriptive information and place of employment: for example, "Correction Officer John Doe #1 employed at VCBC on September 23, 2021, on or about 4:00pm." The plaintiff must identify the defendants in both the caption and the body of the amended complaint. The plaintiff must also provide the dates and locations for each relevant event.

The plaintiff is advised that if he files an amended complaint, it will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 22-CV-5738 (AMD) (MMH).

The Clerk of Court is directed to send a civil rights complaint form to the plaintiff.

4

No summonses will issue at this time and all further proceedings are stayed for 30 days. If the plaintiff does not comply with this Order within the time allowed, or cure the deficiencies discussed herein, judgment will enter dismissing the action without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: December 16, 2022
Brooklyn, New York